Robinson, J.
No complaint is made here as to items 1 and 2 of the verdict and it is conceded that if the defendant in error is entitled to recover anything under item 3 the amount fixed by the jury is not so grossly excessive as to require reversal upon that ground; but it is claimed by the plaintiffs in error that by reason of the appropriation of the 50-foot strip of land off of the land of the defendant in error, adjacent to Second street, her land thereby ceased to abut upon said Second street, and that therefore she is not entitled to compensation under Section 8888, General Code; and that if she is entitled to any additional compensation it is under the “near to” provision of Section 8765, General Code, which right to compensation, if any, has not yet accrued, said railroad being not yet in operation.
Section 8888, General Code, reads as follows:
“Sec. 8888. The land or property required to make alterations in the street, road, alley or other way or any right, title or interest in a public street, alley or other way, required for the erection of piers or supports in any municipality, necessitated by the proposed improvement, shall be purchased or appropriated by the municipality or company after the manner provided by law for the appropriation of private property for public use. The *159 land or property required to make any alteration in a railroad or railroads or any right, title or interest in a public street, road, alley or way required to permit the erection of piers or supports in any municipality, and structure necessitated by the proposed improvements, shall be purchased or appropriated by the railroad company or companies after the manner provided for the appropriation of private property by such corporation. But the municipality shall not appropriate land held or owned by a railroad company and necessary for the use of the company in maintaining and operating its road.”
The confusion as to the respective rights of the parties hereto grows out of the provision for the vacation of said Second street and the provision for the opening of the new 50-foot street adjacent thereto in the same ordinance, and from the provision that said vacation shall not take effect until the opening of the new street is accomplished, and by the combination of the appropriation proceedings of the village of Port Clinton against Josie Fall and the appropriation proceedings of The New York Central Railroad Company against Josie Fall into one and the same action, thereby making' the vacation of Second street, the establishment of the new 50-foot street, and the appropriation of Second street, contemporaneous, it being apparent that had the vacation of Second street, the appropriation of Second street by the railroad company for railroad purposes and the appropriation of the land of Josie Fall for the purpose of the new 50-foot street followed each other in that sequence, Josie Fall would *160 have been entitled to compensation from the railroad company for land appropriated; for clearly a portion of said street, upon its vacation, would have passed to her as the abutting lot owner. And, again, had the appropriation of Second street by said company for the purpose of constructing a railroad thereon above the grade of said street antedated the appropriation by the village of Port Clinton of the land of the defendant in error for street purposes, defendant in error would have been entitled to recover under Section 8888, General Code, for her property rights in said street other than land. Quinby v. City of Cleveland, 16 O. F. D., 583, 9 O. L. R., 313; Scioto Valley Ry. Co. v. Lawrence, 38 Ohio St., 41; Street Railway Co. v. Village of Cumminsville et al., 14 Ohio St., 523; Crawford v. The Village of Delaware, 7 Ohio St., 460, and Field et al. v. Barling et al., 149 Ill., 556.
But since by the terms of the ordinance the vacation of Second street was not to take effect until the appropriation of the 50-foot new street, and by the terms of the agreement the two appropriation' proceedings were tried in the same cause at one and the same time, to one and the same jury, and the awards made in one and the same verdict, the three transactions became contemporaneous.
It is urged, in effect, that, since the three events can be arranged in a sequence that would defeat the right of the defendant in error to recover, and that, since her lands no longer abut upon original Second street, she ought not to recover; for, had the new 50-foot street been established first, Second *161 street vacated next, and the vacated Second street appropriatd for railroad purposes last, the result would have been, since the 50-foot street is adjacent to Second street, that the lands of the defendant in error would no longer abut upon the vacated street appropriated by the railroad company, and the only recourse of the defendant in error would be under Section 8765, General Code, in an action for damages, which right of action had not yet accrued and was not within the jurisdiction of the probate court.
But what right has a court to arrange in sequence events that are contemporaneous, and therefore have no sequence ? The plaintiffs in error initiated these proceedings, and by agreement and ordinance provided for the simultaneous' operation of the three events, and, up to the moment of the acceptance by the plaintiffs in error of the assessment of compensation and damages by the jury, Second street was not vacated, the new 50-foot street was not established, and the property rights of the defendant in error in Second street were not appropriated, and the lands of the defendant in error up to the moment of said acceptance therefore did abut upon Second street and she therefore did have property rights therein other than the land; such as the right to the free circulation of air, the undiminished radiation of light, an unobstructed view, and a surrounding relatively harmonious.
The appropriation by said railroad company of Second street for the purpose” of building thereon an embankment many feet high did interfere with *162 the property rights of the defendant in error in said street, in the interference with the circulation of air, in the partial exclusion of light, the obstruction of her view, and in rendering said street, by reason of its elevation, relatively out of harmony with her lands adjacent thereto. And since her damage in that respect is in no way diminished by the appropriation of the 50-foot new street off of the premises, and since the legislature in recognition of the common law had given her, so long as she was an abutting property owner, the right under Section 8888, General Code, to recover therefor, and since that right up to the time of the acceptance of said award had not been extinguished by the location of the new 50-foot street, causing her lands to no longer abut upon original Second street, we see no reason why a court should step in and -take from her that which by statute and by the common law was hers, simply because she might have been deprived of her rights therein without compensation, by an arranged sequence of events.
The judgment of the court of appeals is therefore affirmed.

Judgment affirmed.

Nichols, C. J., Jones, Matthias, Johnson, Donahue and Wanamaker, JJ., concur.